19-3593
*Freiberg v. Stuart, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of February, two thousand twenty-one.

PRESENT:

> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> RACHEL P. KOVNER,
> > *District Judge.*[*]

_____

RICHARD FREIBERG,

> *Plaintiff-Appellant*,

> v.                                                            No. 19-3593

WILLIAM STUART, JONATHAN STUART, SANDRA AKOURY,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    KENNETH A. VOTRE, Votre & Associates,
                                                                P.C., Ridgefield, CT.

_____

[*] Judge Rachel P. Kovner, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR DEFENDANTS-APPELLEES:     RICHARD L. GRANT, ESQ., Bethel, CT (*for William and Jonathan Stuart*).

MICHAEL T. RYAN (Jonathan C. Zellner, *on the brief*), Ryan Ryan Deluca LLP, Stamford, CT (*for Sandra Akoury*).

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 30, 2019, is **AFFIRMED**.

Richard Freiberg appeals from the District Court's grant of summary judgment against him on his Connecticut law claims of vexatious litigation, brought against brothers William Stuart and Jonathan Stuart and their attorney Sandra Akoury, as well as a claim of aiding and abetting vexatious litigation, brought against only Akoury. We assume the parties' familiarity with the underlying allegations, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

The backdrop of this litigation is a long-standing estate dispute between William and Jonathan, on the one hand, and their older brother, non-party Kenneth Stuart, Jr., on the other. In 2004, William and Jonathan won a final judgment in Connecticut state court against Kenneth, who was deemed liable for breaching his fiduciary duties and stealing money from their father's estate. *Stuart v. Stuart*, No. X08CV02019 3031, 2004 WL 1730143, at *1 (Conn. Super. Ct. June 28, 2004), *aff'd*, 112 Conn. App. 160, 962 A.2d 842 (2009), *rev'd in part*, 297 Conn. 26, 996 A.2d 259 (2010).[1] In 2010, shortly after the Connecticut Supreme Court decided in their favor, William and Jonathan, represented by Akoury, sued Freiberg, who was Kenneth's accountant from 1994 to 2001 (the "Freiberg Suit"). The two brothers alleged that Freiberg had prepared false accounting reports for the estate, masking Kenneth's wrongdoing, and that Freiberg was thus liable for fraud, negligent misrepresentation, accounting malpractice, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). In 2015, Freiberg prevailed when the Connecticut Supreme Court reversed the intermediate appellate court's decision for the brothers and reinstated the trial court's judgment at

---

[1] Unless otherwise noted, in quotations from caselaw, this Order omits all alterations, brackets, citations, emphases and internal quotation marks.

summary judgment for Freiberg. *See Stuart v. Freiberg*, 316 Conn. 809, 116 A.3d 1195 (2015). In an action filed in the United States District Court for the District of Connecticut later that year, Freiberg challenged the Freiberg Suit as vexatious.

"We review *de novo* a district court's grant of summary judgment." *Tompkins v. Metro-N. Commuter R.R. Co.*, 983 F.3d 74, 78 (2d Cir. 2020). Under both Connecticut statutory and common law, *see* Conn. Gen. Stat. § 52-568, vexatious litigation claims require proof that (1) an action was brought against a plaintiff (2) without probable cause and (3) the action terminated in the plaintiff's favor. *See Falls Church Grp., Ltd. v. Tyler, Cooper & Alcorn*, LLP, 281 Conn. 84, 93-94, 912 A.2d 1019, 1026 (2007). The common law claim (unlike the statutory claim) also requires a showing of malice. *See id.* at 94, 912 A.2d at 1027. For purposes of both the statutory and common law claims, probable cause is the "knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action." *Id.*, 921 A.2d at 1027. To establish aiding-and-abetting liability, a defendant must have substantially assisted another in the commission of a tortious act. *See Connecticut Nat. Bank v. Giacomi*, 242 Conn. 17, 63 & n.42, 699 A.2d 101, 126 & n.42 (1997) (describing elements).

For substantially the reasons stated by the District Court, we conclude that there was no genuine dispute of material fact about whether Defendants had probable cause to bring the Freiberg Suit. In light of this conclusion, the aiding-and-abetting claim against Akoury also fails. Summary judgment in Defendants' favor was warranted.

Freiberg argues that William and Jonathan had no reasonable basis to sue him because they admitted in their depositions in the Freiberg Suit that they had not read the accounting reports that Freiberg prepared. Thus, according to Freiberg, the brothers could not reasonably claim that they detrimentally relied on the reports, as required for fraud and negligent misrepresentation, or that the reports caused them injury, as required for accounting malpractice. *See Stuart*, 316 Conn. at 821-22, 833, 116 A.3d at 1203-04, 1210 (fraud and negligent misrepresentation require reliance, and malpractice requires a "causal connection" between a defendant's misconduct and a plaintiff's injury). Freiberg furthermore contends that William and Jonathan had no legal basis for their CUTPA claim, because CUTPA plainly does not apply to the activity of accountants.

The undisputed record forecloses these arguments. In what ways William and Jonathan relied on the reports and whether the reports caused them injury were intensely disputed in the Freiberg Suit. But William's and Jonathan's arguments on these questions did not lack reasonable

3

grounds. Their theory was that they had "delayed pursuing removal" of their brother as executor "in reliance on" Freiberg's accounting reports and that these reports were "designed to hide, rather than disclose the truth" about Kenneth's malfeasance. *See id.*at 828, 116 A.3d at 1207; *id.* at 842 & n.4, 116 A.3d at 1215 & n.4 (Eveleigh, J., dissenting). The delay continued, they say, until they eventually grew suspicious enough to hire a forensic accountant. They thus were injured at a minimum in the expenditure of $400,000 in investigation costs pertaining to the estate's affairs. *See id.* at 848-49, 116 A.3d at 1218-19 (Eveleigh, J., dissenting). Critically, in the proceedings before the District Court here, Freiberg does *not* dispute the evidence that shows that William and Jonathan pursued the Freiberg Suit on these reasonable grounds. Freiberg concedes, for instance, that William and Jonathan called him to discuss their concerns about the accounting reports; that the concerns drove them to hire the forensic accountant; that they consulted various professional advisors about the reports; and that the investigation conducted by the forensic accountant eventually led William to believe that Freiberg and Kenneth had been "colluding." App. at 151.

That William and Jonathan's theory of Freiberg's liability was ultimately unsuccessful in Connecticut state court does not mean that the theory lacked probable cause. Rather, the history of that suit supports Defendants in this case. Although a majority of the Connecticut Supreme Court Justices in the end found for Freiberg, one Justice dissented from that conclusion, contending forcefully that the evidence reasonably could support a jury verdict in William and Jonathan's favor. *See id.* at 836-37, 848, 116 A.3d at 1212-13, 1218-19 ("In my view, the facts that one of the [brothers] had a telephone call with the defendant in which financial matters were discussed and that the defendant forwarded financial statements to the plaintiffs, is sufficient to raise a genuine issue of material fact as to the fraud and negligent misrepresentation claims . . . . William's affidavit establishes a question of fact as to the injury and its causal connection to the breach of the standard of care. [The alleged injuries include] a direct monetary loss [and the expenditure] of over $400,000" in investigation costs). Furthermore, a majority of the three-judge panel of the Connecticut Appellate Court also found in favor of the brothers. That the evidence repeatedly persuaded numerous Connecticut state court judges that the case should be tried, and that the case advanced to resolution by the Connecticut Supreme Court over a dissent, fatally undermines Freiberg's allegation that Defendants lacked reasonable grounds for the Freiberg Suit.

Similarly, probable cause supported William and Jonathan's CUTPA claim, as CUTPA was understood by the courts when the claim was asserted. CUTPA prohibits a person from "engag[ing]

4

in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42–110b(a). It was only in the Freiberg Suit that the Connecticut Appellate Court first determined that CUTPA generally does not apply to accountants' activities, subject only to limited exceptions: "[N]either our Supreme Court nor this court has yet determined the parameters of CUTPA in the context of accounting malpractice." *Stuart v. Freiberg*, 142 Conn. App. 684, 708, 69 A.3d 320, 334 (2013), *rev'd in part on other grounds*, 316 Conn. 809, 116 A.3d 1195 (2015). Indeed, in its investigation of Freiberg's complaint against Akoury and in its ultimate vindication of Akoury, the Connecticut Statewide Grievance Committee concluded that the brothers' CUTPA claim was "reasonably intended to extend and modify existing law to apply to the circumstances." App. at 101. It found that there was no "evidence to illustrate that [Akoury] either ignored facts or failed to investigate prior to the institution of the lawsuit." *Id.*

Having considered the remainder of Freiberg's arguments, we conclude that they are without merit for the reasons explained by the District Court in its thorough and well-reasoned decision.

\* \* \*

For the foregoing reasons, the District Court's judgment is **AFFIRMED**.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court